**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 80461-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| LASZLO MOLNAR, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Laszlo Molnar appeals his sentence of 102 months to life for his conviction of rape in the second degree. He argues that the State breached the plea agreement by emphasizing the victim's vulnerability and Molnar's abuse of trust in its sentencing memorandum. We agree, and reverse and remand for Molnar to elect either to withdraw his guilty plea or to enforce the plea bargaining agreement before a different judge.

I.

Molnar was charged with aggravated rape in the second degree of an 83-year-old woman, B.A., who lived in Molnar's residential care facility. B.A. suffered from

Citations and pin cites are based on the Westlaw online version of the cited material.

severe dementia, making her unable to speak or perform daily functions of living without assistance. B.A. had resided in the adult care facility, operated by Molnar and his wife, for the past two and a half years. Although Molnar initially denied the assault, he eventually admitted that he had assaulted B.A. about 10 times over the past several months.

Molnar entered into a plea agreement. In exchange for Molnar pleading guilty to second degree rape, the State agreed to dismiss the vulnerable victim aggravator and domestic violence designation. Rape in the second degree carries a standard range sentence of 78 to 102 months. As part of the plea agreement, the State agreed to recommend a sentence in the middle of the standard range—a minimum term of 90 months to life.

In its sentencing memorandum, the State recommended a term of 90 months to life. Molnar recommended a minimum term of 78 months. The State argued that a 78-month sentence was inappropriate given the "egregious nature" of the crime and the "obvious vulnerability" of B.A. Specifically, the State argued:

> There can be few more vulnerable victims, incapable of resistance, than an 83 year-old woman who is wheelchair bound, unable to speak, and completely dependent on others for her care. As well, the defendant's relationship with the victim was directly fiduciary and his actions breached the trust relationship he had with her and with her family. B.A. needed help in order to perform every one of her activities of daily living and he established a relationship with her over years to assist her with all those activities. This defendant would not have been in a position to abuse B.A. had he not deceived B.A. and her family into trusting him and relying on his assurances that he would act as the kind and compassionate caregiver he purported to be.

The trial court went above both sentence recommendations, imposing a sentence of 102 months to life, a sentence at the top end of the standard range. Molnar

moved for resentencing, arguing that the State undermined the plea agreement by emphasizing B.A.'s vulnerability and Molnar's abuse of trust. The trial court denied the motion. Molnar appeals.

II.

Molnar argues that the State breached the terms of the plea agreement by undermining its obligation to recommend a mid-range sentence, and by emphasizing the vulnerable victim aggravator and the abuse of trust sentencing factor. We agree.

We review constitutional issues de novo. State v. MacDonald, 183 Wn.2d 1, 8, 346 P.3d 748 (2015). On review, we apply an objective standard to determine whether the State breached a plea agreement. MacDonald, 183 Wn.2d at 8.

A plea agreement is a contract between the defendant and the prosecutor. In re Pers. Restraint of Lord, 152 Wn.2d 182, 188-89, 94 P.3d 952 (2004). "The State thus has a contractual duty of good faith, requiring that it not undercut the terms of the agreement, either explicitly or implicitly, by conduct evidencing intent to circumvent the terms of the plea agreement." MacDonald, 183 Wn.2d at 8. Under the due process clause, the State must adhere to the terms of the agreement and recommend the agreed upon sentence. MacDonald, 183 Wn.2d at 8.

Although the prosecutor is not required to make an enthusiastic recommendation, "the prosecutor is obliged to act in good faith, participate in the sentencing proceedings, answer the court's questions candidly in accordance with RPC 3.3 and, consistent with RCW 9.94A.460, not hold back relevant information regarding the plea agreement." State v. Talley, 134 Wn.2d 176, 183, 949 P.2d 358 (1998). The test to determine if the State breached the terms of the plea agreement is whether the

State's words or conduct, without looking to the intent behind them, contradict the State's recommendation. State v. Neisler, 191 Wn. App. 259, 266, 361 P.3d 278 (2015).

A breach occurs when the prosecutor offers unsolicited information that supports an exceptional sentence, undercutting the plea agreement. State v. Xaviar, 117 Wn. App. 196, 200-02, 69 P.3d 901 (2003) (breach where the prosecutor highlighted aggravating sentencing factors and unfiled charges and called the defendant "one of the most prolific child molesters that this office has ever seen," and the court adopted the prosecutor's reference to violation of the victims' trust as an aggravating circumstance to support its exceptional sentence); State v. Jerde, 93 Wn. App. 774, 782, 970 P.2d 781 (1999) (breach where the prosecutor repeatedly emphasized aggravating factors that supported an exceptional sentence, despite the State's obligation to make a mid-range sentencing recommendation); State v. Van Buren, 101 Wn. App. 206, 217, 2 P.3d 991 (2000) (breach where the prosecutor made brief reference to sentencing recommendation and highlighted three aggravating factors, including one factor not specifically cited in the presentence report); State v. Williams, 103 Wn. App. 231, 236, 11 P.3d 878 (2000) (breach when the State violated the plea agreement to recommend a standard range sentence by highlighting aggravating factors that supported an exceptional sentence).

The language in the State's sentencing memorandum highlights aggravating factors which support imposing an exceptional sentence on Molnar. In the memorandum, the State emphasized the vulnerable victim aggravator, which the State had explicitly agreed to drop as part of the plea agreement. The State also emphasized

an uncharged aggravating factor of abuse of trust. While the State contends that these remarks were necessary to persuade the trial court to impose the State's mid-range recommendation of a term of a 90-month minimum, rather than Molnar's recommendation of a 78-month minimum, this argument is unpersuasive. Although the State maintains that it was adhering to the mid-sentence recommendation, objectively, the remarks in the memorandum demonstrate that the State advocated for the court to impose an exceptional sentence on Molnar by highlighting the aggravating factors of the case.

The State's comments highlighting the aggravating factors were unnecessary to support its recommendation, and violated the terms of the plea agreement. While Molnar provides numerous cases to support his argument, the State's contention is wholly unsupported by existing case law. Because Molnar was not charged with abuse of trust, and the State agreed to drop the vulnerable victim aggravator as part of the plea agreement, the State breached the agreement by highlighting these aggravating factors in its memorandum.

If the State breaches a plea agreement, the appropriate remedy is to remand for the defendant to choose whether to withdraw the guilty plea or seek enforcement of the State's agreement. Neisler, 191 Wn. App. at 266. If the defendant elects to seek enforcement of the agreement, the defendant is entitled to a new sentencing hearing in front of a different judge. Van Buren, 101 Wn. App. at 218. "At this hearing, the State must present the agreed upon sentencing recommendation without equivocation." Van Buren, 101 Wn. App. at 218.

Reversed and remanded for Molnar to elect either to withdraw his guilty plea or to enforce the plea bargaining agreement before a different judge.

_Mann, C.J._

WE CONCUR:

_Chun, J._        _Appelwick, J._